IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:26-CV-649-M-KS

| | | |
|---|---|---|
| DENNIS SOBIN,<br><br>Plaintiff,<br><br>v.<br><br>JOSHUA H. STEIN, in his official capacity as Attorney General of North Carolina,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **MEMORANDUM & RECOMMENDATION** |

This pro se case is before the court on the application by Plaintiff to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a)(1) and for frivolity review pursuant to 28 U.S.C. § 1915(e)(2)(B), the matter having been referred to the undersigned by Chief United States District Judge Richard E. Myers II. For the reasons set forth below, it is recommended that this action be dismissed.

**DISCUSSION**

Following the clerk's receipt of documents submitted by Plaintiff on September 8, 2026, an order was entered on September 10, 2026, informing Plaintiff of various deficiencies with the documents. (Deficiency Order [DE #4] at 1.) Plaintiff was advised that he had not provided a financial disclosure statement or notice of self-representation and that the civil cover sheet and proposed summons were not on the correct forms. (*Id.*) The court ordered Plaintiff to correct the noted deficiencies by September 28, 2026, and warned that failure to comply may result in dismissal of the

action without prejudice for failure to prosecute or to comply with the court's orders. (*Id.* at 2.)

On September 24, 2026, Plaintiff submitted additional documents but failed to cure the deficiencies noted in the court's September 10, 2026, order. In particular, none of the documents submitted by Plaintiff are on the correct, court-approved form. Plaintiff has not provided any explanation for his failure to comply with the court's order. Nor has Plaintiff requested an extension of time to comply with the court's order, and the time for doing so has expired. Accordingly, it is recommended that this action be dismissed for failure to prosecute or to comply with this court's orders.

## CONCLUSION

For the reasons stated above, it is RECOMMENDED that this action be DISMISSED WITHOUT PREJUDICE for failure to prosecute or to comply with this court's orders.

IT IS DIRECTED that a copy of this Memorandum and Recommendation be served on Plaintiff. Plaintiff is hereby advised as follows:

You shall have until **October 16, 2026**, to file written objections to the Memorandum and Recommendation. The presiding district judge must conduct his own review (that is, make a de novo determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.,* 28 U.S.C. § 636(b)(l); Fed. R. Civ. P. 72(b)(3); Local

Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b) (E.D.N.C.).

If you do not file written objections to the Memorandum and Recommendation by the foregoing deadline, you will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, your failure to file written objections by the foregoing deadline may bar you from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation. *See Wright v. Collins*, 766 F.2d 841, 846–47 (4th Cir. 1985).

This 29th day of September 2026.

KIMBERLY A. SWANK
United States Magistrate Judge