IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

Case No. 5:26-cv-00649-M-KS

| | | |
|---|---|---|
| DENNIS SOBIN,<br><br>Plaintiff,<br><br>v.<br><br>JOSHUA H. STEIN, in his official capacity as Attorney General of North Carolina,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | ORDER |

This matter comes before the court on Dennis Sobin's ("Plaintiff") application to proceed *in forma pauperis* [DE 2] and review of Plaintiff's complaint in accordance with 28 U.S.C. § 1915(e)(2)(B). Pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 72(b) of the Federal Rules of Civil Procedure, United States Magistrate Judge Kimberly A. Swank entered a memorandum and recommendation ("M&R") [DE 9], recommending that the court dismiss Plaintiff's complaint for "for failure to prosecute or to comply with this court's orders." DE 9 at 2. Plaintiff timely filed an objection to the M&R. DE 10.

A magistrate judge's recommendation carries no presumptive weight. The court "may accept, reject, or modify, in whole or in part, the ... recommendation[ ] ... receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1); *accord Mathews v. Weber*, 423 U.S. 261, 271 (1976). The court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* § 636(b)(1). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's

proposed findings and recommendations." *Stokes v. Berryhill*, 294 F. Supp. 3d 460, 462 (E.D.N.C. 2018) (quoting *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982)). Absent a specific and timely objection, the court reviews only for "clear error" and need not give any explanation for adopting the recommendation. *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005). "When reviewing pro se objections to a magistrate's recommendation, district courts must review de novo any articulated grounds to which the litigant appears to take issue." *Elijah v. Dunbar*, 66 F.4th 454, 461 (4th Cir. 2023).

On September 9, 2026, this court referred Plaintiff's Motion for Leave to Proceed *in Forma Pauperis* to Judge Swank. Text Ord., Sep. 9, 2026. The next day, Judge Swank issued an order notifying Plaintiff of various deficiencies, including his failures to provide a financial disclosure statement and a notice of self-representation.[1] DE 4. Additionally, the order notes that Plaintiff's civil cover sheet and proposed summons were not filed on the correct, court-provided forms. *Id.* Plaintiff was given additional time to correct the deficiencies and informed that failure to do so may result in dismissal. *Id.* On September 24, 2026, Plaintiff filed four documents purporting to correct the deficiencies noted in September 10 order. DE 5, 6, 7, 8. As noted in the M&R, despite this additional time, these filings also failed to comply. DE 9. Judge Swank recommends dismissal without prejudice because of Plaintiff's failure to prosecute and continued failure to comply with this court's orders. *Id.*

---

[1] Local Civil Rule 7.3 requires that "[a]ll parties to a civil or bankruptcy case, whether or not they are covered by the terms of Fed. R. Civ. P. 7.1, shall file a corporate affiliate/financial interest disclosure statement." Under Local Civil Rule 5.2(b), "A non-incarcerated unrepresented person shall file a notice of self-representation on a form available from the clerk. This notice shall be filed when the unrepresented person initially appears in the action or as required by subsection (e) of this rule."

Plaintiff timely filed an objection to the M&R. DE 10. In his objection, Plaintiff argues his previous filings were a "good faith" attempt to comply with the court's requirements. *Id.* at 1. Plaintiff also states, "To eliminate any remaining concerns, Plaintiff now submits the following **court-approved forms**, fully completed" and "[t]hese documents cure all deficiencies identified in the September 10 Order." *Id.* (emphasis in original).

Plaintiff is incorrect. The filings accompanying his objection still are not on the court's forms. *See* DE 11, 12, 13-1, 13-2. While Plaintiff requests "leniency," these errors are not mere technicalities. For example, in Plaintiff's most recent civil cover sheet [DE 13-1], his version omits language contained in the court-provided form, such as whether Plaintiff is demanding a jury trial. *See* DE 13-1. Similarly, Plaintiff's newest Notice of Self-Representation [DE 11] omits court-required acknowledgement of his responsibility to "serve any non-registered users of CM/ECF in the case with a copy of every paper that [Plaintiff] file[s] and file a certificate of service" and his obligation to notify the court of any change in his contact information. *See* Local Civil Rule 5.2(b) (stating "a non-incarcerated unrepresented person shall file a notice of self-representation *on a form available from the clerk*.") (emphasis added); *Pro Se Litigants/Representing Yourself*, United States District Court for the Eastern District of North Carolina, https://www.nced.uscourts.gov/prose/Default.aspx (containing resources for pro se litigants, including the links to the court-required documents).

According to the Fourth Circuit, "[t]he Federal Rules of Civil Procedure recognize that courts must have the authority to control litigation before them, and this authority includes the power to order dismissal of an action for failure to comply with court orders." *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989) (citing Fed. R. Civ. P. 41(b)).

As noted in the M&R, Plaintiff has failed to comply with this court's orders and procedures. Contrary to Plaintiff's assertions, his objection and its accompanying filings do not cure the deficiencies. Accordingly, the court finds no error in the M&R and ADOPTS the recommendation of Judge Swank as its own. For the reasons stated herein, Plaintiff's objection to the M&R is OVERRULED. Plaintiff's complaint [DE 1] is DISMISSED WITHOUT PREJUDICE and the application to proceed *in forma pauperis* [DE 2] is DENIED AS MOOT. The Clerk of Court is DIRECTED to close this case.

SO ORDERED this 13th day of October 2026.

Richard E. Myers II

RICHARD E. MYERS II
Chief United States District Judge